IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Sammy Dennis,<br>Plaintiff, | )<br>)<br>) Civil Action: _____<br>)<br>)<br>) JURY TRIAL DEMANDED<br>) |
| vs. | )<br>) |
| United Van Lines, LLC<br>Defendant. | )<br>) |

## PLAINTIFF'S CLASS ACTION COMPLAINT

Plaintiff Sammy Dennis, by and through his undersigned counsel, bring this action on behalf of himself and all other persons similarly situated for damages and relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and representative actions for violations of the Missouri Minimum Wage Law ("MMWL"), Mo Rev. Stat. § 290.500, *et seq*., pursuant to Federal Rule of Civil Procedure 23. For his Collective and Class Action Complaint against Defendant, Plaintiff, upon his personal knowledge as to his own acts and status, and upon information and belief as to all of the members of the Class, alleges as follows:

### NATURE OF CLAIMS

1. This is a class action for wage and hour violations arising out of Defendant's misclassification of its truck drivers. Plaintiff brings this action against Defendant as a collective action under 29 U.S.C. § 216(b) for violation of the FLSA, 29 U.S.C. § 201, et seq., as well as class action claims for violations of the MMWL, Mo Rev. Stat. § 290.500.

### PARTIES

2. Plaintiff Sammy Dennis is a resident of Tennessee. He is employed by Defendant as a truck driver for commercial and household goods, and has been employed by Defendant in

1

this capacity for more than a decade. Plaintiff has been misclassified by Defendant as an independent contractor, and under the FLSA and Missouri law should be considered an employee of Defendant. Plaintiff's Consent to Sue is attached to this Complaint as Exhibit A.

3. Defendant United Van Lines, LLC ("United") is one of the largest moving companies in the United States and operates throughout the continental United States. United has annual gross revenues in excess of $500,000.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 28 U.S.C. § 1331, as this claim arises under the laws of the United States; specifically, this action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.

5. Venue is proper pursuant to 28 U.S.C. § 1391, because Defendant transacts significant business in the venue, Defendant directed and controlled Plaintiff and the Class from this venue, Defendant maintains its headquarters in the venue, and Plaintiff has done work for Defendant in the venue.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

6. This Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16 of the FLSA, 29 U.S.C. § 216(b), in that the claims of Plaintiff are similar to the claims of the Putative Class Members.

7. The claims arising under the MMWL as set forth below may be properly maintained as a class action under FED. R. CIV. P. 23.

8. With respect to the FLSA and the MMWL claims, the Putative Class Members are those current and former United drivers improperly misclassified as independent contractors.

## GENERAL ALLEGATIONS

9. United specializes in moving household and commercial goods.

10. United operates nationally through a network of regional agents. Holman Moving Systems ("Holman") is one of United's agents.

11. Plaintiff is a United driver that United classifies as an independent contractor. United directs and controls Plaintiff's employment through Holman. Despite United's classification of Plaintiff and similarly situated drivers as "independent contractors," these drivers are in fact United employees. United has violated federal and state labor laws by misclassifying these drivers and failing to pay them the minimum wage for all hours worked.

**A. United Controlled Plaintiff and the Class's Work**

12. Through agents like Holman, United exercised control of its network of drivers' work, including misclassified drivers like Plaintiff and the Class.

13. United required Plaintiff and the Class to wear United uniforms.

14. United required Plaintiff and the Class to display United's logo and insignia on their vehicles.

15. United's control extended to Plaintiff and the Class's workload. United controlled and directed Plaintiff and the Class's work by determining where drivers began and ended their routes, and when goods would be picked up and delivered.

16. United required Plaintiff and the Class to have certain equipment installed in their vehicles, including a Qualcomm communications system. Drivers were required to pay for the installation and maintenance of the system themselves, or could elect to rent the equipment, in which case United would deduct the expenses from the drivers' compensation. The Qualcomm system allowed United to monitor and track Plaintiff and the Class.

17. Plaintiff and the Class were subject to United's policies and protocols, including protocols relating to accidents, logbooks, and United's Consumer Regulations and Policies. Failure to comply with these policies and protocols could result in discipline and/or termination of the misclassified drivers.

18. As employees of United, Plaintiff and the Class were subject to United's background checks and drug screening protocol.

19. Plaintiff and the Class were only permitted to use other drivers for their routes if such drivers were screened and cleared with United.

20. Plaintiff had no ability to negotiate his compensation with United, and was instead subject to United's pre-set policies and rates.

21. Plaintiff and the Class were prohibited from using their vehicles for other business purposes without United's consent.

22. Plaintiff and the Class lacked any legitimate ability to decline assignments from United, and could be punished for doing so.

23. United oversaw, controlled, and at times altered Plaintiff and the Class's routes from its Missouri headquarters, typically by relaying its directives through agents like Holman.

24. The driving force comprising the Class is fully integrated into United's business, and without the drivers to perform the moving service, United's moving business would not exist.

**B. United Failed to Pay Plaintiff and the Class the Minimum Wage**

25. Plaintiff was paid based on a percentage of the line haul (the amount paid by the customers). As a result, Plaintiff and the Class's compensation was tied to the amount United receives from its customers. In many cases—including instances in which United granted

customers a discount—the line haul was less than expected and Plaintiff and the Class's wages were reduced accordingly. In addition to these reductions, Plaintiff and the Class were required to pay for repairs, lease payments, fuel, labor, and other expenses for the benefit of United. United would then deduct these amounts from Plaintiff and the Class's wages, further reducing the drivers' wages. In many weeks, Plaintiff and the Class were paid less than $7.25 for each hour that they worked.

26. Plaintiff and the Class consistently worked in excess of 40 hours per week. This includes not only their time spent driving but the many other hours spent on inspections, waiting for direction from United, waiting for completion of pick up or delivery, refueling, and myriad other tasks required by United.

27. At all times during the liability period, Defendants failed to pay Plaintiff Class members for all hours worked. Defendants failed to track Plaintiff and Class members' hours beyond the hours tracked by the US Department of Transportation. While in route to a delivery, Plaintiff and Class members were required to be continuously on duty and, therefore, worked at least 16 hours under 29 CFR § 785.22.

28. There are questions of law and fact arising in this action which are common to Plaintiff and all Class Members.

a) Whether Plaintiff and all other persons similarly situated are employees of Defendant;

b) Whether Plaintiff and the Class are entitled to minimum wages under the FLSA and the MMWL;

c) Whether Defendant's pay policies as to Plaintiff and all others similarly situated violate their rights to receive wages without improper deductions under the MMWL.

29. Plaintiff's claims are typical of the claims of the class in that all the misclassified drivers were treated similarly. Plaintiff will fairly and adequately represent the interest of the members of the class. Plaintiff has retained counsel who are competent and experienced in class action and complex litigation. Plaintiff has no interest which is adverse to, or in conflict with, other members of the class.

30. The common questions of law and fact arising in this action predominate over any questions solely affecting individual Class Members. Without limiting the generality of the foregoing, the factual and legal issues concerning the scope and effects of Defendant's conduct alleged herein are:

   a) Central to Plaintiff's claims;

   b) Substantially identical with respects to each Class Members' burden of demonstrating liability; and

   c) The most important and fundamental issues to be determined at trial.

31. The class action mechanism is superior to any alternatives that exist for the fair and efficient adjudication of this cause of action. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Numerous repetitive individual actions would also place an enormous burden on the courts as they are forced to take duplicative evidence and repetitively decide the same issues relating to the conduct of Defendant.

32. There are no unusual difficulties likely to be encountered in the management of the case as a class action. Class Members can be easily identified from the records of Defendant,

which it is required by federal law to maintain, enabling Class Members to have their claims fairly adjudicated by the Court.

33. All potential 216(b) Class members are similarly situated because, among other things, they were employees of Defendant and, upon information and belief, all suffered from the same policies of Defendant, including:

   a. They were paid by the job without regard to the number of hours worked;
   b. They each suffered improperly made deductions from their paychecks; and
   c. Defendant failed to pay class members at least the statutory minimum wage for each hour of work as required by the FLSA and the MMWL.

34. With respect to his collective-action FLSA claim, Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated, defined as follows:

   **Class:** All current and former drivers for Defendant who were classified as "independent contractors" at any time beginning three years prior to the filing of the Complaint through the date notice is mailed to the Class.

35. With respect to his MMWL and Rule 23 claim, Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated, defined as follows:

   **Class:** All current and former drivers for Defendant who were classified as "independent contractors" at any time beginning two years prior to the filing of the Complaint through the date notice is mailed to the Class.

36. Plaintiff reserves the right to amend or otherwise alter the Class definition presented to the Court at the appropriate time, or to propose sub-classes, in response to information learned through discovery, legal arguments advanced by Defendant, or otherwise.

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

37. Plaintiff reasserts and re-allege the allegations set forth above.

38. At all relevant times herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

39. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1).

40. Defendant is subject to the FLSA's minimum wage requirements because it is in interstate commerce and its employees are engaged in commerce.

41. Pursuant to Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees are entitled to be compensated at a rate of $7.25 per hour, effective July 24, 2009.

42. Defendant knew or should have known that its compensation policy and methodology failed to compensate the misclassified drivers at the federal minimum wage.

43. Defendant, pursuant to its policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

44. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated drivers.

45. Plaintiff and all similarly situated drivers are victims of a single, similarly applied employer-based compensation policy. In violation of the FLSA, that policy has been applied, and continues to be applied, to all drivers improperly misclassified as independent contractors by Defendant.

46. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus *actual* wages received, within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for, whether their conduct was unlawful.

47. Defendant have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages under 29 U.S.C. § 216(b) in an amount equal to the amount of their unpaid minimum wages. Alternatively, should the Court find Defendant did not act willfully in failing to pay minimum wage, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

48. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been lawfully withheld by Defendant from Plaintiff and all similarly situated employees. Accordingly, Defendant is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

49. WHEREFORE, on Count I of this Complaint, Plaintiff and all similarly situated drivers demand judgment against Defendant and request: (1) damages in the amount of unpaid minimum wages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

**COUNT II: VIOLATION OF THE MISSOURI MINIMUM WAGE LAW**

50. Plaintiff reasserts and re-alleges the allegations set forth above.

51. Plaintiff brings Count II on behalf of a Class of all current and former drivers employed by Defendant and misclassified as independent contractors during the applicable limitations period in the State of Missouri.

52. Defendant's failure to pay these drivers the federal minimum wage necessarily caused a corresponding violation of the MMWL for unpaid wages due.

53. At all times relevant, Plaintiff and the Class have been entitled to the rights, protections, and benefits provided under Missouri laws.

54. At all relevant times, Defendant been an "employer" within the meaning of the MMWL, Mo Rev. Stat. § 290.500.1, *et seq*.,

55. At all relevant times, Defendant has employed, and continues to employ, "employees" within the meaning of the MMWL, including Plaintiff and all other similarly situated drivers.

56. At all relevant times, Defendant has had a policy and practice of failing to pay its misclassified drivers for work performed by failing to pay such employees all wages due, in violation of the MMWL.

57. Defendant knew or should have known that, through its misclassification and compensation policies and practices (as set forth above), it systematically failed to pay the minimum wages required by the FLSA and thereby failed to pay wages due under the MMWL.

58. Plaintiff and the Class are victims of a single, similarly applied employer-based policy of paying employee drivers by the job, without regard for whether the drivers' earned the minimum wage after Defendant's consistent deductions and reductions were applied.

59. Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate, and any other remedy permitted under the MMWL.

60. Defendant are liable for Plaintiff's attorney fees and costs incurred in this action under the MMWL.

WHEREFORE, on Count II of this Complaint, Plaintiff and the Class demand judgment against Defendant and pray for: (1) unpaid minimum wages as wages due; (2) liquidated damages up to the amount of unpaid wages due pursuant to Mo. Rev. Stat. 290.527.1; (3) pre-judgment and post judgment interest; (4) costs of litigation and attorney fees; and (5) such other relief as the Court deems fair and equitable.

**WHEREFORE,** Plaintiff, on behalf of himself and all proposed putative members, prays for relief as follows:

(a) Declaring and certifying this action as a proper class action under Fed. R. Civ. P. 23 for Plaintiff's claim that Defendant violated the MMWL and naming Plaintiff as the proper class representatives;

(b) Appointing the undersigned as class counsel;

(c) Declaring and determining that Defendant violated the MMWL by failing to properly pay all wages due Plaintiff and the other members of the Class;

(d) Costs and expenses of this action, including reasonable attorneys' fees and expert fees;

(e) An award of damages for compensation due for Plaintiff and the Putative members of the Class;

(f) Pre-judgment and post-judgment interest, as provided by law; and

(g) Any and all such further legal and equitable relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: June 2, 2017                    Respectfully Submitted,

**EDGAR LAW FIRM LLC**

*/s/ Matthew T. Swift*
John F. Edgar         # 47128
Matthew T. Swift      # 63601
1032 Pennsylvania Ave.
Kansas City, MO 64105
Telephone: (816) 531-0033
Facsimile: (816) 531-3322
Email: jfe@edgarlawfirm.com
Email: mts@edgarlawfirm.com


**HAFFNER LAW PC**

Joshua H. Haffner
(*pro hac vice* application to be submitted)
Graham G. Lambert
(*pro hac vice* application to be submitted)
445 South Figueroa Street, Suite 2325
Los Angeles, California 90071
Telephone: (213) 514-5681
Facsimile:  (213) 514-5682